IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**ANGELA KAYE HAMM, and**                                           **PLAINTIFFS**
**B.S.,** *a minor*

**V.**                          **CIVIL ACTION NO. 1:14-CV-192-SA-DAS**

**SALTILLO HIGH SCHOOL, and**
**LEE COUNTY SCHOOL DISTRICT**                             **DEFENDANTS**

## ORDER

Presently before the Court are the motions to dismiss [16, 18] of Saltillo High School ("SHS") and Lee County School District ("LCSD"). The Court has considered the motions, responses, rules, and authorities, and finds as follows:

### I. Factual and Procedural Background

Plaintiff Kaye Hamm and her minor daughter B.S. commenced this action to recover under 42 U.S.C. Section 1983 for an allegedly unreasonable search of B.S in violation of the Fourth Amendment. Plaintiffs, proceeding *pro se*, allege that B.S. was subjected to an unconstitutional partial strip search at Saltillo High School in May 2014. According to the complaint, "Mrs. Sarah Beth" and "Mrs. Dillard" forced B.S. to "drop her pants to her ankles" in response to a complaint that B.S. "was carving the word 'Bitch' into her leg." No school administrator or other employee has been named as a Defendant or been served.

SHS and LCSD have filed motions to dismiss for failure to state a claim [16, 18] under Federal Rule of Civil Procedure 12(b)(6). SHS argues that it is not a separate legal entity from LCSD, and is thus not an appropriate party to the lawsuit. LCSD contends that Plaintiffs have not identified any policy or custom for which it can be liable under Section 1983.

## II. Motion to Dismiss Standard

In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is plausible if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 129 S. Ct. 1937. As a general rule, "when ruling on a Rule 12(b)(6) motion to dismiss, the district court may not look beyond the pleadings." *Hicks v. Lingle*, 370 F. App'x 497, 498 (5th Cir. 2010) (citing *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994)).

Ultimately, the court's task "is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 192, 184 L. Ed. 2d 38 (2012) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)). Therefore, the Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009). Still, this standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. Importantly, the Court liberally construes pleadings filed *pro se*, such as the complaint in this case. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993); *see also Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (noting that *pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers"). Moreover, even "[w]hen the dismissal of a *pro se* complaint is appropriate, it should generally be done without prejudice in order to allow the plaintiff an

opportunity to file an amended complaint." *Rodriguez v. U.S.*, 66 F.3d 95, 97-98 (5th Cir. 1995) (citing *Moawad v. Childs*, 673 F.2d 850, 851 (5th Cir. 1982)).[1]

### III. Discussion and Analysis

### A. Claims against SHS

SHS contends that any claims against it must be dismissed, as it does not have the legal capacity to be sued. Under the Federal Rules of Civil Procedure, capacity to sue or be sued is determined "by the law of the state where the court is located . . . ." FED. R. CIV. P. 17(b); *see also Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991). Mississippi law recognizes that school districts such as LCSD are political subdivisions, MISS. CODE ANN. § 37-6-5, and are accordingly authorized to sue and be sued. *Harrison Cnty. v. City of Gulfport*, 557 So. 2d 780, 789 (Miss. 1990); MISS. CODE ANN. §§ 11-45-11, 11-46-7. Additionally, the authority and responsibility to "organize and operate the schools of the district[,]" including SHS, lies with the LCSD Board. MISS. CODE ANN. § 37-7-301. On the other hand, the Mississippi Code does not recognize SHS as political subdivision and does not vest it with the authority to govern its own affairs. *See id.* Thus, it is clear that SHS is simply a component of LCSD and does not possess a separate legal identity.[2] Accordingly, Plaintiffs' claims against SHS must be dismissed with prejudice.

---

[1] *See also Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) ("Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend."); *Wright v. Robinson*, 113 Fed. App'x 12, 16 (5th Cir. 2004) ("As a *pro se* litigant, [plaintiff] should be accorded leniency if the dismissal was procedural and she has grounds for relief."); *Davis v. Napper*, 38 F.3d 569, 569 (5th Cir. 1994) ("Dismissal of a *pro se* complaint is improper unless the plaintiff can prove no set of facts which would entitle him to relief.").

[2] Federal courts applying other states' laws have held that a public school is not an entity capable of being sued. *D.D. ex rel. R.D. v. Gary Cmty. Sch. Corp.*, No. 2:09-CV-78-JTM-PRC, 2009 WL 3241592, at *5 (N.D. Ind. Sept. 28, 2009) ("Under Indiana law, Bailly Middle School is not a legal entity with the capacity to be sued.") (citations omitted); *Doe By & Through Doe v. Petaluma City Sch. Dist.*, 830 F. Supp. 1560, 1564 (N.D. Cal. 1993) (holding that a junior high school was not a "suable entity" under California law); *see also Ferreira v. Thornton Twp. High Sch.*, No. 96-C-8143-H, 1997 WL 80921, at *1 n.1 (N.D. Ill. Feb. 21, 1997) ("[T]he School Board or School District, not the High School itself would likely be the proper party to sue."); *Payne v. Peninsula Sch. Dist.*, No.

## B. Claims against LCSD

LCHS moves for dismissal on the claims against it, arguing that no unconstitutional policy has been alleged. To recover from LCSD under Section 1983, Plaintiffs must establish that the alleged constitutional violation took place as a result of some official policy of LCSD. *Board of Cnty. Commissioners, Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 403-04, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). Such "policy" can exist in the form of an official "policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority . . . ." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004) (quoting *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992)). The requisite "policy" may also consist of a "persistent, widespread practice of . . . officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents . . . policy." *Id.*

In the complaint, Plaintiffs have not identified any official written policy of LCSD that contributed to the partial strip search of B.S. They have likewise not alleged any "persistent, widespread practice" of any kind. Accordingly, the Court finds that Plaintiffs have failed to state a claim for relief against LCSD. However, because plaintiffs proceeded in this action pro se, they are held to less stringent standards than litigants who are represented by counsel. Therefore, plaintiffs may file a motion for leave to amend their complaint in order to remedy their defective allegations against LCSD.

---

3:05-CV-05780-RBL, 2013 WL 4676041, at *2 n.2 (W.D. Wash. Aug. 30, 2013), *reversed on other grounds*, --- F. App'x ---, 2015 WL 4605521, at *1 (9th Cir. 2015) (dismissing all claims against the "school itself").

## IV. Conclusion

Defendants' motions to dismiss for failure to state a claim [16, 18] are GRANTED IN PART and DENIED IN PART. Specifically, the Court orders the following:

1. SHS is not an entity that can be sued under Mississippi law. Any claims against SHS are therefore DISMISSED WITH PREJUDICE.

2. Plaintiffs have not alleged that a policy of LCSD resulted in the alleged Fourth Amendment violation. Therefore, their claims against LCSD are DISMISSED WITHOUT PREJUDICE. However, plaintiffs are granted leave to file an amended complaint within seven (7) days of this order.

   **SO ORDERED** on this, the 18th day of December, 2015.

   /s/ David A. Sanders
   UNITED STATES MAGISTRATE JUDGE